(No. 2694—

FRANCES T. TUCKER, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 11, 1936.*

WILLIAM H. KAILES, for claimant.

OTTO KERNER, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

Claimant herein seeks an award of Four Thousand Eight Hundred ($4,800.00) Dollars under the terms of the Workmen's Compensation Act. From a stipulation of facts filed herein it appears that Ralph F. Tucker was employed as a Maintenance Patrolman in the Highway Department of the State of Illinois from February, 1933 to February 25, 1935; that on the latter date while in the discharge of his duties he was driving a truck a short distance North of Des Plaines,

Illinois. It was snowing and sleeting and visibility was very poor. While crossing the tracks of the Soo Line the truck was struck by a passenger train and Ralph F. Tucker was killed. He died intestate leaving surviving, Frances T. Tucker, his wife, the claimant herein and three minor children, to-wit: Ralph G. Tucker, Andrew H. Tucker and James E. Tucker all under sixteen (16) years of age at the time of the accident. His earnings or wages were One Thousand Two Hundred ($1,200.00) Dollars per year.

A suit is now pending in the name of claimant herein, as administratrix of the estate of Ralph F. Tucker vs. the Minneapolis, St. Paul and Saulte Ste. Marie Railway Company in the Superior Court of Cook County, Case No. 358—14490, seeking damages in the sum of Two Thousand Nine Hundred Ninety Nine ($2,999.00) Dollars, the case being limited to that amount in order to avoid Federal jurisdictional questions.

The death of claimant's husband was due to the accident and arose out of and in the course of his employment.

The amount of compensation is fixed by Section 7 (a) of the Workmen's Compensation Act, under which it is provided that the payment shall be equal to four times the average annual earnings of the employee but not more in any event than Four Thousand ($4,000.00) Dollars; Under Sec. 7-h-3 said provision is subject to the further increase to a maximum of Five Thousand Five Hundred ($5,500.00) Dollars in case of three or more children under the age of sixteen (16) years at the time of the death of said employee. As construed by the Supreme Court in the case of *Moweaqua Coal Corporation* vs. *Industrial Commission,* 360 Ill. 194 such increased maximum shall not however in any event exceed four times the annual earnings of the deceased employee. The annual earnings of claimant's husband were One Thousand Two Hundred ($1,200.00) Dollars and the maximum award herein is therefore limited to a total of Four Thousand Eight Hundred ($4,800.00) Dollars.

Claimant has filed a petition for a lump sum settlement but it does not appear to the court to the best interests of the parties herein that such compensation be so paid and the court is of the opinion that payment should be made in accordance with the provisions of the Compensation Act, in monthly payments.

As hereinabove stated a suit is now pending against the Railroad Company in connection with the death claim, and the State, as the employer, would be entitled to subrogation in the event of a recovery therein. In view of the amounts involved however and the facts in evidence, the court finds that it is to the best interests of the parties to make the award payable at the present time and an award is hereby entered in favor of claimant in the sum of Four Thousand Eight Hundred ($4,800.00) Dollars, payable as hereinafter provided:

The weekly wages of deceased would be Twenty Three and 08/100 ($23.08) Dollars. By reason of three children under the age of sixteen (16) years, weekly payments of Thirteen ($13.00) Dollars from February 25, 1935 to March 10, 1936, or fifty-four (54) weeks, or Seven Hundred Two ($702.00) Dollars shall be made immediately due and payable. The further sum of Four Thousand Ninety Eight ($4,098.00) Dollars shall be payable at the rate of Thirteen ($13.00) Dollars per week payable in monthly installments commencing April 10, 1936 subject to the further provision of the Illinois Workmen's Compensation Act.

This award being subject to the provisions of an Act entitled, *"An Act Making an Appropriation to pay Compensation claims of State Employees and Providing for the Method of Payment Thereof,"* Approved July 2, 1935 (Session Laws of 1935, Page 49), and being, by the terms of such Act, subject to the approval of the Governor is hereby, if and when such approval is given made payable from the Road Fund in the manner provided for in such Act.